UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo CAMPOS–PADILLA,
Defendant–Appellant.

No. 09–10469.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Sept. 13, 2010.*

Filed Oct. 4, 2010.

Cory Michael Picton, Esquire, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Heather Erica Williams, Assistant Federal Public Defender, FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Alfredo Campos–Padilla appeals from the 48–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Campos–Padilla contends that the district court erred by refusing to grant him a third-level reduction for acceptance of responsibility. Because "the government's decision not to move for the additional level reduction was not arbitrary," there was no error. *United States v. Medina–Beltran,* 542 F.3d 729, 731 (9th Cir.2008).

We also disagree that because Campos–Padilla pleaded guilty in the early stages of the proceeding against him, the failure to afford him the same benefit afforded to those defendants who agree to the Government's standard written fast-track plea agreement created an unwarranted disparity. *See United States v. Gonzalez–Zotelo,* 556 F.3d 736, 740–41 (9th Cir.2009).

The district court did not abuse its discretion because it did not commit any significant procedural error and in light of the totality of the circumstances, the sentence below the Guidelines range is substantively reasonable. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc).

Campos–Padilla's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

